UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER PEDERSON, together with his marital community,<br><br>    Plaintiff,<br><br>vs.<br><br>SKAGIT COUNTY, a government entity, SKAGIT COUNTY SHERIFF'S OFFICE, and EMILY DIAZ, and marital community.<br><br>    Defendants. | Case No.: 2:21-cv-495<br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. 1331. Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

## VENUE

2. Venue is proper pursuant to 28 U.S.C. 1391. All events or omissions giving rise to these claims occurred in the Western District of Washington.

## PARTIES

3. Plaintiff Roger Pederson is a married individual residing in Skagit County, Washington.

4. Defendant Skagit County Sheriff's Office handles animal control for Skagit County and is located at 600 South 3rd Street, Mount Vernon, WA 98273.

COMPLAINT - 1

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

5. Defendant Emily Diaz is believed to be employed as an Animal Control Officer at the Skagit County Sheriff's Office.

6. Defendant Skagit County is a government entity in the State of Washington.

## FACTS

7. The winter of 2017/2018 was a record-breaking winter as far as rain fall, and as a result animals health had declined. Reports of deceased animals visible on the property were made to Skagit County. Mr. Pederson promptly took care of them.

8. On January 22, 2018 Deputy Emily Diaz executed a search warrant to seize cattle on Roger Pederson's property. Deputy Diaz estimated that there were approximately 200 cattle on the property and the following day removed 29 of them pursuant to the search warrant, leaving the remaining animals. On January 27, 2018 Deputy Diaz obtains a second search warrant and goes out to seize approximately 106 additional cattle to take temporary possession of from Mr. Pederson's property.

9. Fifteen (15) animals were purportedly euthanized on the Pederson property at the direction of Skagit County without notice to or consultation with the owner of the animals.

10. Over 120 cattle were transported by Skagit County to the Everson Auction Market for storage, and a number were taken to private homes. Several of the cattle died during transport. Some were killed during the process of Skagit County to round the animals up for transport.

11. Without knowledge or consent of Mr. Pederson at least 29 of his animals were given to private individuals. In the private care arranged by Skagit County many of Mr. Pederson's cattle later died, including calves born after they were removed, some which were not protected from wildlife and babies were presumed by Skagit County to have been eaten by wildlife and never located again.

12. Over 60 of the Pederson cattle died at the Everson Auction Market while in the care of Skagit County. Skagit County was on notice that the facilities they placed the Pederson's cattle were an in safe environment for the of cattle they placed there. Skagit County's actions and inactions lead to these animals' deaths.

13. All economic value from the potential sales of cattle was lost when the cattle died in Skagit County care due to the conditions the cattle were placed in by Skagit County.

14. The majority of these animals were taken under the guise that they were being taken for evidence, yet for the majority of the animals, no testing was ever done, no photos ever taken, nothing to preserve any evidence that the animals held for the majority.

15. During the time period that Skagit County took over Mr. Pederson's property, they allowed numerous "volunteers on and off the property, not tracking who was there. They used his equipment without any authorization to do so. Skagit County, or agents of Skagit County, damaged property during this time.

### CLAIM I
(Violation of Civil Rights: Unlawful Forfeiture of Property)

16. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

17. By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

### CLAIM II
(Violation of Civil Rights: Unlawful Seizure of Property)

18. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

19. By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right against unlawful seizures of property guaranteed by the Fourth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

### CLAIM III
(Theft of Livestock - RCW 4.24.320)

20. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

21. By doing the acts above, Defendants intentionally deprived Plaintiff of his cows by transporting, concealing, withholding or slaughtering his cows, without consent, in violation of RCW 9A.56.080 and RCW 4.24.320.

### CLAIM IV
(Conversion of Livestock)

22. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

23. By doing the acts above, Defendants interfered with Plaintiff's right to possession and that interference was substantial.

## CLAIM V
(Trespass to Chattel)

24. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

25. By doing the acts above, Defendants interfered with Plaintiff's right to possession of his cows and equipment and other property.

## CLAIM VI
(Interference with a Business Expectancy)

26. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

27. By doing the acts above, Defendants knew of Plaintiff's valid business expectancy and intended to damage it by removing his cows, which caused plaintiff to suffer damages.

## CLAIM VII
(Animal Cruelty - Negligence – Failure to Keep Animals Alive – Failure to properly transport – Failure to provide proper food shelter and medical care)

28. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

29. By doing the acts described above, under any duty arising as bailees, trustees, and as agents of the State, Defendants breached their duty to keep Mr. Pederson's cows alive and further, Defendants breached their duty to properly preserve evidence, which caused damage to Plaintiff. They further breached their duty to safely transport property seized. They further breached duty to properly store the animals in a safe environment, provide them proper shelter, and provide them with proper medical care or food. Their actions ultimately caused the death of the animals.

## CLAIM VIII
(Intentional Infliction of Emotional Distress - Outrage)

30. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

31. By doing the acts described above, Defendant committed extreme and outrageous conduct, which was done intentionally or with reckless disregard as to the consequences, and caused Plaintiff severe emotional distress, and actual damages.

### CLAIM IX
(Intentional Infliction of Emotional Distress)

32. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

33. By doing the acts described above, Defendant caused permanent emotional damage by destroying this family-owned farm.

### CLAIM X
(Negligent Interference with Business Relations)

34. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

35. By doing the acts above, Defendant's negligence damaged the business relationship and ongoing sales between Plaintiff and others, causing economic harm to Plaintiff.

### CLAIM XI
(Trespass to Land)

36. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

37. By doing the acts above, Defendants intended to and actually physically invaded Plaintiff's real property, interfering with Plaintiff's exclusive control of the land.

### CLAIM XII
(Invasion of Right to Privacy)

38. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

39. By doing the acts above, Defendants acted in ways that would be objectionable to a reasonable person by: appropriating the Plaintiff's name to advance their own interests, intruded upon the Plaintiff's affairs, published facts about the Plaintiff in a false light, and made public disclosures about private facts about the Plaintiff.

## CLAIM XIII
### (Negligent Training)

40. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.
41. By doing the acts above, Defendants failed to provide proper training and/or protocols on handling, feeding, transporting, and providing medical care and shelter for cattle, and breach of that duty caused the death of Mr. Pederson's cows.

## CLAIM XIV
### (Negligent Supervision)

42. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

43. By doing the acts above, Defendants failed to supervise Skagit Sheriff's Office Personnel, and breach of that duty caused Mr. Pederson to be denied his right to possession of his cows.

## CLAIM XV
### (Statutory Waste – RCW 4.24.630)

44. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

45. By doing the acts above, Defendants went onto the land of another and wrongfully removed valuable property from the land, and injured personal property, to wit cows as described on that land by intentionally and unreasonably committing the acts described above while knowing, or having reason to know, that each lacked authorization to so act.

## CLAIM XVI
### (Private Nuisance – RCW 7.48.150)

46. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

47. By doing the acts above, Defendants are liable to Plaintiffs for general damages sustained by virtue of their acts, which annoyed, injured, and endangered the comfort, repose, and safety of plaintiffs, rendering them insecure in their beings and essentially interfering in comfortable enjoyment of their real property and sentient property, to wit, the cows as described.

## CLAIM XVII
(Violation of Washington State Constitution Article 1, Section 7)

48. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth herein.

49. By doing the acts above, with regards to the intrusions onto Plaintiff's property, Defendants disturbed Plaintiff's private affairs and intruded upon Plaintiff's home without lawful authority in violation of the Washington State Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order granting him the following relief:

a. For general damages in an amount to be proven at trial;

b. Up to three times the actual damages resulting from loss of livestock;

c. Lost earnings and lost future earnings;

d. Reputation damages;

e. Emotional distress damages;

f. Punitive damages under 42 U.S.C. sec. 1988;

g. Prejudgment interest;

h. Special legal damages related to the retaining of criminal defense attorneys and experts;

i. For attorney's fees;

j. For costs of the suit incurred herein;

k. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

DATED this 13th day of April, 2021.

_____
Emily C. Beschen, WSBA#43813
Attorney for Plaintiff

_____
Robert D. Butler, WSBA #22475
Attorney for Plaintiff

COMPLAINT - 8

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225